IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT WAGNER,

        Plaintiff,

v.                                                No. CV-13-771 CG/WPL

LIEUTENANT JAMES JONES and the
UNITED STATES OF AMERICA,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on *Defendants' Motion to Dismiss* filed on March 24, 2014, (Doc. 10) and *Memorandum of Law in Support of the United States' Motion to Dismiss Plaintiff's Complaint* filed on March 20, 2014, (Doc. 8), (together the "Motion to Dismiss"); Plaintiff's *Response to Defendants' Motion to Dismiss Plaintiff's Complaint* ("Response"), filed on April 16, 2014, (Doc. 16); and Defendants' *Reply to Plaintiff's Response to the United States' Motion to Dismiss Plaintiff's Complaint* ("Reply"), filed on April 30, 2014, (Doc. 18).

**I.**   **Background**

Plaintiff Robert Wagner filed his *Complaint for Violation of Civil Rights and Personal Injury* ("Complaint") on August 19, 2013, complaining about an incident that occurred on August 17, 2010 at White Sands Missile Range. (Doc. 1). Plaintiff contends that Defendant James Jones and an unnamed police officer arrested him on suspicion of driving while under the influence of alcohol. (Doc. 1 at 2). Plaintiff maintains that during the arrest, Defendant Jones "leg swept" him while escorting him to a patrol car. (Doc. 1 at 2). Plaintiff claims that he fell down to his knees and fractured his tibia as a result of

Defendant Jones' leg sweep. (Doc. 1 at 2).

Plaintiff asserts two claims against Defendant Jones in the Complaint. In Count One he alleges that Defendant Jones used excessive force against him in violation of his constitutional rights, and in Count Two he asserts a claim for common-law battery. Plaintiff seeks a judgment against Defendant Jones and money damages as relief.

Defendant Jones was served with the Complaint on January 16, 2014. (Doc. 4 at 2). On March 3, 2014, the United States entered this case and filed a *Notice of Substitution of the United States of America as the Only Proper Party Defendant with Respect to Plaintiff's Tort Claims Against Defendant James Jones* ("Notice of Substitution"). (Doc. 6). The U.S. Attorney for the District of New Mexico's *Certification* was attached to the Notice of Substitution, which stated that Defendant Jones was acting within the course and scope of his employment at the time of the alleged incident. (Doc. 6, Ex. A). The Government stated that it was filing the Notice of Substitution pursuant to the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2679(d)(1). Defendant Jones has not entered an appearance or filed an answer or a responsive pleading to the Complaint.

The Government subsequently filed its Motion to Dismiss, alleging that the Court lacks subject-matter jurisdiction over this action. (Doc. 8 at 2). The Government argues that the excessive force claim should be dismissed because Plaintiff seeks to impermissibly sue the United States for a constitutional violation. (Doc. 8 at 6–8). The Government contends that it has not waived its sovereign immunity for constitutional tort claims. The Government also maintains that Plaintiff's battery claim should be dismissed because Plaintiff did not exhaust his administrative remedies prior to filing the Complaint. (Doc. 8 at 3–5). The Government further argues that both the excessive force and

2

battery claims are barred by the statute of limitations. (Doc. 8 at 3–5, 6–8).

## II.  Standard of Review

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The determination of subject-matter jurisdiction is a threshold question of law, and the party invoking the Court's jurisdiction bears the burden of proof. *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff filed the Complaint with this Court and therefore bears the burden of establishing that the Court has subject-matter jurisdiction over his claims.

A party seeking dismissal of a lawsuit on the basis that the court lacks subject-matter jurisdiction files his motion pursuant to FED. R. CIV. P. 12(b)(1). Rule 12(b)(1) motions take the form of either a facial or factual attack on a court's subject-matter jurisdiction. *Ingram v. Faruque*, 728 F.3d 1239, 1242 (10th Cir. 2013). If the party challenging subject-matter jurisdiction mounts a facial attack, then "the district court must accept the allegations in the complaint as true." *Id.* (citation omitted). However, when the jurisdictional challenge is factual, then the Court has wide discretion to go beyond the allegations contained in the complaint and consider affidavits and other evidence to resolve disputed jurisdictional facts. *Id.* Consideration of evidence outside of the pleadings does not necessarily convert the motion to a Rule 56 motion. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

In this case, the Government's Motion to Dismiss launches both facial and factual

attacks on the Court's subject-matter jurisdiction. The Court will therefore accept the truthfulness of the factual allegations in the Complaint when resolving a facial attack, and alternatively consider the evidentiary materials attached to the briefs.

### III.     Analysis

The Government challenges the Court's subject-matter jurisdiction over both claims asserted in the Complaint. As to Count One, the Government alleges that Plaintiff has pled an impermissible claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendant Jones in his official capacity. The Government contends that any action which charges a public official tortfeasor in his official capacity operates as a claim against the United States. The Government argues that because a *Bivens* claim may not be brought directly against the United States, the Court should dismiss the claim for lack of subject-matter jurisdiction. The Government further argues that the *Bivens* claim is barred for being brought outside of the limitations period. Plaintiff responds that he has brought a timely and permissible *Bivens* claim against Defendant Jones in his individual capacity, and therefore his claim should not be dismissed. (Doc. 16 at 2–3).

The Government also asserts that the Court lacks subject-matter jurisdiction over Count Two. The Government explains that Plaintiff's common-law tort claim of battery has been converted to a claim under the FTCA. The FTCA contains an administrative exhaustion requirement, which acts as a jurisdictional bar to proceeding under the FTCA in federal district court. The Government argues that Plaintiff has failed to exhaust his administrative remedies and brought his FTCA claim outside of the

applicable limitations period. The Government reasons that, because Plaintiff failed to satisfy the FTCA's jurisdictional requirements, the FTCA claim should be dismissed for lack of subject-matter jurisdiction. Plaintiff responds that the Government fails to explain what, if any, administrative remedies he was required to exhaust, and that the FTCA claim was timely filed. (Doc. 16 at 2, 3). Plaintiff asks the Court to retain his FTCA claim.

### A.   *Count One:* Bivens *Claim (Excessive Force)*

The Government argues that Count One must be dismissed because Plaintiff brings an impermissible *Bivens* claim against the United States by suing Defendant Jones in his official capacity. Plaintiff responds that he has brought suit against Defendant Jones in his individual capacity, for Defendant Jones' actions taken under the color of law, which violated Plaintiff's Fourth Amendment rights. Plaintiff contends that he has sufficiently pled a *Bivens* claim, and that the Court should retain this claim.

Plaintiff contends that Defendant Jones violated his Fourth Amendment rights by using excessive force while arresting him.[1] Pursuant to the U.S. Supreme Court's holding in *Bivens*, an individual may pursue a claim against a federal official in his individual capacity for damages arising out of the official's violation of the Fourth Amendment of the U.S. Constitution while the official was acting under color of federal law or authority. *Bivens*, 403 U.S. at 397.

As explained above, the Government contends that Plaintiff attempts to bring an impermissible *Bivens* claim against the United States by suing Defendant Jones in his official capacity. The United States, as a sovereign, is immune from suit. *United States v.*

---

[1] "All claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other seizure of a free citizen are analyzed under the Fourth Amendment and its reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989).

*Mitchell*, 445 U.S. 535, 538 (1980). "It is axiomatic that Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States." *Roberts v. United States*, 498 F.2d 520, 525 (9th Cir. 1974). The United States may only be sued to the extent that it has waived its immunity. *United States v. Orleans*, 425 U.S. 807, 814 (1976). Therefore, "the terms of such consent define the court's jurisdiction." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). The United States has never waived its immunity to be sued for violating an individual's constitutional rights. *See FDIC v. Meyer*, 510 U.S. 471, 477–78 (10th Cir. 1994); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).

     A claim brought against an individual defendant for actions taken by that individual in his official capacity as an agent of the United States, will operate as a claim against the United States and not the individual defendant. *See Farmer*, 275 F.3d at 963; s*ee also Ky. v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent.") (citation omitted). The Tenth Circuit explained this legal fiction in *Farmer*:

> [t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity . . . any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.

*Farmer* 275 F.3d at 963. Therefore, federal courts do not have jurisdiction to decide *Bivens* claims when they are brought against the United States by name, or against an individual federal official in his official capacity.

     The parties disagree over which capacity Defendant Jones has been sued under *Bivens*. Therefore, the Court must determine whether Plaintiff has asserted a *Bivens*

claim against Defendant Jones in his individual capacity, or against the United States. If the Court finds that Plaintiff's claim is against the United States, then it should dismiss the claim for lack of subject-matter jurisdiction.

The Court first turns to the plain language of the Complaint itself. *See* Fed. R. Civ. P. 8(a) (mandating that a plaintiff's complaint contain "a short and plain statement" of his claims that demonstrates he is entitled to relief). Plaintiff initially identifies Defendant Jones in the Complaint as a law enforcement agent of the White Sands Missile Range Police Department office who "was acting in the course and within the scope of his duties" and "under pretense and color of law." (Doc. 1 at 1, 3). Plaintiff claims that Defendant Jones performed a leg sweep on Plaintiff during the arrest, which caused Plaintiff to fall and injure himself. (Doc. 1 at 2). Later in the Complaint, Plaintiff asserts under the heading "Excessive Force – Fourth Amendment Claim" that as a direct and proximate cause of "the excessive use of force in arresting [him], [Plaintiff] suffered actual physical injury resulting in pain, suffering, and emotional distress." (Doc. 1 at 3). Plaintiff maintains that Defendant Jones "acted willfully, knowingly, and with intent to deprive [him] of his rights to be free from excessive use of force" as secured by the Fourth and Fourteenth Amendments. (Doc. 1 at 3). Plaintiff requests an entry of judgment against Defendant Jones and an award of monetary damages.

Thus, the Complaint clearly asserts a *Bivens* claim against Defendant Jones, but does not specify in which capacity Defendant Jones is sued. Rule 8(e) permits the Court to construe a party's pleadings so as to do justice, but the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957)). The Court must determine whether it is in the interests of justice to construe Plaintiff's *Bivens* claim as brought against Defendant Jones in his individual or official capacity.

The Tenth Circuit has stated that doing justice pursuant to Rule 8(e) "requires an expansive construction of a complaint" that "turn[s] on the fairness to the parties and the burdens on the court that would result from giving a pleading a possible, but improbable, reading." *Zokari v. Gates*, 561 F.3d 1076, 1085 (10th Cir. 2009). In *Zokari*, the Tenth Circuit had to decide whether it would be in the interest of justice to construe a wage-law claim into a complaint, when the existence of that claim was raised for the first time on the eve of trial. *See id.* The Tenth Circuit noted that the plaintiff had made only one vague reference to a potential wage-law claim in the background section of the complaint. That court concluded that Rule 8(e) should be applied to construe pleadings in light of the status of the district-court proceeding. *Id.* In applying that standard, the Tenth Circuit reasoned that, because the plaintiff waited until the eve of trial to put forward the wage-law claim it was not in the interest of justice to construe that claim into the complaint.

The court in *Zokari* further commented that if the plaintiff had argued that his complaint asserted a wage-law claim in the initial stages of the litigation, such as in a response to a motion to dismiss, then "the district court would have been well-advised to construe the complaint as raising such a wage-law claim." *Id.* The court explained that under such circumstances, "little purpose would be served" by requiring the plaintiff to file a motion to amend to unambiguously allege the claim because amendment would likely be granted pursuant to FED. R. CIV. P. 15(a)(2). *Id.*

The Court is guided by the decision in *Zokari*. This case is in the earliest stages of litigation, and a Rule 16 scheduling conference has not even taken place. Therefore, construing the *Bivens* claim against Defendant Jones in his individual capacity at this time would not be unfair to the parties or burden the Court. Further, Plaintiff unequivocally argues in his Response that he has asserted a *Bivens* claim against Defendant Jones in his individual capacity. Based on the standard announced in *Zokari*, the Court is persuaded that justice would be served by expansively construing the Complaint, and that Plaintiff need not be required to file a motion to amend the Complaint and assert his claim unambiguously.

The U.S. Supreme Court and the Tenth Circuit have further made clear that the identity of the named defendant in a *Bivens* action does not control the determination of in which capacity that defendant is sued. *Stafford v. Briggs*, 444 U.S. 527, 542 n.10 (1980); *Kelly v. Wilson*, No. 10-3218, 426 Fed. Appx. 629, 632 n.1 (10th Cir. June 13, 2011) (unpublished). The U.S. Supreme Court has noted that the dispositive inquiry in deciding whether an action is against the Government or a federal official in his individual capacity is, "who will pay the judgment?" *Stafford*, 444 U.S. at 542 n.10. In this case, Plaintiff demands a judgment against Defendant Jones and an award of money damages. Plaintiff does not reference the United States or any federal agency in his demand. Following the Supreme Court's direction in *Stafford*, the Court is inclined to construe the Complaint as asserting a *Bivens* claim against Defendant Jones individually, because he seeks a judgment against him personally and not against the United States.

The Tenth Circuit's opinion in *Kelly* is another instance where a court was not

constrained by the plain language of a complaint in construing whether a *Bivens* claim was properly asserted. *See Kelly*, 426 Fed. Appx. at 632 n1. The *Kelly* court ultimately found that Plaintiff's *Bivens* claims were brought against the individual defendants in their official capacities, even though the complaint stated that they were against those defendants in their individual capacities. *See id*. The *Kelly* Court noted that the determining factor was that the plaintiff had not alleged any particular actions taken by the individual defendants contributed to the violation of his constitutional rights. *Id*. Instead, the plaintiff argued that it was the federal agency that discriminated against him. *Id*. He had further acknowledged in a responsive brief that his lawsuit was against the federal agency and not against the individual defendants. *Id*.

The Court will also analyze the Complaint pursuant to the factors considered by the Tenth Circuit in deciding *Kelly*. Throughout the Complaint, Plaintiff claims that the particular actions of Defendant Jones provide the factual basis for his excessive force claim. He alleges that Defendant Jones "leg swept" him, which caused him to fall and suffer injuries. He maintains that Defendant Jones applied excessive force against him in making the arrest in violation of his constitutional rights. Unlike *Kelly*, Plaintiff has not alleged that a federal agency is to blame for the violation of his constitutional rights or his injuries. The Court finds that the factors considered in *Kelly* lend support for construing Plaintiff's *Bivens* claim against Defendant Jones in his individual capacity.

The Government argues that the Court should construe Plaintiff's *Bivens* claim against Defendant Jones in his official capacity only. The Government points out that Plaintiff acknowledged that Defendant Jones "was acting in the course and within the scope of his duties" at the time of the incident. (Doc. 18 at 3). The Government urges the

Court to interpret that statement to mean that Plaintiff sues Defendant Jones in his official capacity under *Bivens*. (Doc. 1 at 1). However, the Government cites no legal authority for its position, and the Court is not aware of any authority requiring that interpretation.

The Government also argues that Plaintiff cannot proceed against Defendant Jones in his individual capacity under *Bivens*, because he did not object to its certification that Defendant Jones was acting in his official capacity as to the battery claim. (Doc. 18 at 3). When a federal law enforcement officer commits an intentional tort, as Plaintiff alleges here, the victim is permitted to pursue a *Bivens* claim against the officer individually, and a common-law tort claim against the United States under the FTCA. *See Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994). "These are separate and distinct causes of action arising out of the same transaction." *Id.* While a plaintiff may initially elect to bring both claims together in the same lawsuit, a plaintiff may not recover under both theories. *Id.* (citing 28 U.S.C. § 2676). Again, the Government provides no legal support for its argument that Plaintiff cannot proceed against both defendants under *Bivens* and the FTCA at this stage of the proceedings, and the Court finds no legal authority that requires that outcome.

The Court finds that, for all of the foregoing reasons, it is in the interest of justice to construe the Complaint as asserting an excessive force claim against Defendant Jones in his individual capacity. In making its determination, the Court pays heed to the Tenth Circuit's warning that "granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Phillips v. Bell*, No. 08-1420, 365 Fed. Appx. 133,

138 (10th Cir. Feb. 12, 2010) (unpublished) (quoting *Dias v. Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). Therefore, the Court will deny the Government's Motion to Dismiss to the extent it seeks dismissal of the *Bivens* claim in its entirety. However, insofar as the Complaint could be construed as asserting a *Bivens* claim against Defendant Jones in his official capacity, Plaintiff's Motion to Dismiss is granted.[2]

The Government also urges the Court to decide whether the *Bivens* claim has been brought outside of the applicable limitations period. (Doc. 8 at 6–7). A statue of limitations defense must be affirmatively pled by the proper party in interest. *See* FED. R. CIV. P. 8(c). Given the Court's decision above, that Defendant Jones is the appropriate party to plead such a defense, the Court will not address this issue because it is not properly before the Court.

### B. *Count Two: FTCA Claim (Battery)*

The Government moves the Court to dismiss Plaintiff's FTCA claim on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Plaintiff responds that the Government has not demonstrated that he was required to exhaust any administrative remedies before bringing this lawsuit, and therefore the FTCA claim should be retained by the Court.

As explained above, Count Two was initially asserted as common-law battery against Defendant Jones. Since the United States filed a Notice of Substitution under Section 2679(d)(1) of the FTCA, the battery claim was converted to a claim brought

---

[2] Dismissal is without prejudice because the Court has determined that it lacks jurisdiction over such a claim, and therefore "is incapable of reaching a disposition on the merits of the underlying claims." *See Kelly*, 426 Fed. Appx. at 633 (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006)).

under the FTCA and is governed by its strictures. 28 U.S.C. § 2679(d)(4); *Gutierrez de Martinez v. Lamango*, 515 U.S. 417, 420 (1995).

"The FTCA constitutes a limited waiver of the federal Government's sovereign immunity from private suit." *Estate of Trantadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). The United States' waiver of sovereign immunity through the FTCA is "strictly construed . . . in favor of the sovereign," *Lane v. Pena*, 518 U.S. 187, 192 (1996), and is limited by a series of specific exceptions that are jurisdictional in nature. *See* S*ydnes v. United States*, 523 F.3d 1179, 1183 (10th Cir. 2008); *see also Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003). One such jurisdictional exception is the FTCA's mandate that a claimant present his claim with the appropriate federal agency, and wait for the claim to be finally denied by the agency before filing suit in federal court. 28 U.S.C. § 2675(a). If a plaintiff fails to satisfy the claim presentment and notice requirement, then a federal district court will not have jurisdiction over any action under the FTCA. *See Dahl*, 319 F.3d at 1228; *Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977). The claim presentment and notice procedures, like the United States' waiver of its sovereign immunity, must be "strictly construed." *Three-M Enters., Inc.*, 548 F.2d at 295; *see also Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992). Further, because the claim presentment and notice requirement is jurisdictional, it cannot be waived. *Three-M Enters., Inc.*, 548 F.2d at 294.

The FTCA's administrative claims process is described in Section 2675 of the FTCA and 28 C.F.R. §§ 14.1, et seq. (the "Regulations"). A claimant must first present his claim to the appropriate federal agency. 28 U.S.C. § 2675(a). A claim is deemed "presented" when a federal agency receives "an executed Standard Form 95 or other

written notification of an incident, accompanied by a claim for money damages in sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). A claimant then must wait until he receives a final decision denying his claim, or after six months have elapsed, before filing a lawsuit in federal court. 28 U.S.C. § 2675(a). Upon receipt of a final denial by an agency, a claimant has six months to file suit in federal district court. 28 C.F.R. § 14.9(a).

Therefore, to satisfy the jurisdictional prerequisites of the FTCA, Plaintiff must have first presented his claim to the appropriate federal agency and received a final decision denying his claim prior to filing the Complaint. The Government contends that in this case the appropriate federal agency was the U.S. Army, and Plaintiff does not argue otherwise. The Government maintains that Plaintiff did not present an administrative claim to the U.S. Army in compliance with the FTCA prior to filing the Complaint. In support of its argument, the Government provides the Declaration of Connie M. McConahy. (Doc. 9-1). Ms. McConahy states that she is the Acting Chief in the Operations and Records Branch of the U.S. Army's Claims Service, and that Plaintiff has not filed an administrative claim with the agency under the FTCA or any other related tort claims statutes. (Doc. 9-1 at ¶ 1, 2). The Government concludes that, because Plaintiff has failed to properly exhaust his administrative remedies, the Court lacks jurisdiction over Plaintiff's FTCA claim.

Plaintiff does not dispute the Government's contention that he failed to present his claim to the U.S. Army or pursue any of his administrative remedies under the FTCA. Rather, Plaintiff argues that the Government fails to sufficiently identify the administrative remedies available to him, which should excuse him from complying with the

14

administrative claims procedure. Plaintiff further alleges that, when no administrative remedy is available, then exhaustion of administrative remedies is not required. *See Garrett v. Hawk*, 127 F.3d 1263, 1267 (10th Cir. 1997) (holding that Congress did not intend to require prisoners to exhaust administrative remedies that were unavailable to them prior to bringing a *Bivens* suit in passing the Prison Litigation Reform Act) (overruled on other grounds by *Booth v. Churner*, 532 U.S. 731, 735 (2001)).

However, the Government sets forth the claim presentment and notice requirements under the FTCA in its Motion to Dismiss and Reply. The Court finds that the administrative claims process memorialized in the FTCA and its concomitant Regulations sufficiently describes the administrative remedies available to Plaintiff under the FTCA. Plaintiff's purported ignorance of the FTCA's administrative claim process does not excuse his non-compliance. *See e.g., Harris v. Burris Chem., Inc.*, 490 F. Supp. 968, 971 (N.D. Ga. 1980) ("Ignorance of the law . . . should not be allowed to thwart the congressional intent of requiring the filing of administrative claims.").

Further, it is Plaintiff's burden to establish the basis for the Court's subject-matter jurisdiction pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(1). *See Marcus*, 170 F.3d at 1309. Because presentment of an administrative claim is a jurisdictional requirement to proceed under the FTCA, Plaintiff must demonstrate compliance with the FTCA's prerequisites. *See Sanchez v. United States*, 49 F.3d 1329, 1329–30 (8th Cir. 1995). Here, Plaintiff has failed to allege any set of facts to suggest he has complied with the FTCA's administrative exhaustion requirement.

The Court finds that the jurisdictional requirements of the FTCA, which mandate exhaustion of certain administrative remedies prior to bringing suit, apply to Plaintiff's

battery claim. *See* 28 U.S.C. § 2679(d)(4). In this case there is no evidentiary dispute whether Plaintiff exhausted those remedies prior to filing suit. For all of the foregoing reasons, the Court finds that the Government's motion to dismiss Plaintiff's FTCA claim should be granted for lack of subject-matter jurisdiction.[3] The Court will not resolve the parties' conflict over the statute of limitations because the claim is dismissed for jurisdictional reasons.

### C. The FTCA's Judgment Bar

The Government also argues that the Court cannot retain Plaintiff's *Bivens* claim if it dismisses his FTCA claim, because a judgment under the FTCA acts as a complete bar to any other claim arising from the same subject matter. (Doc. 18 at 4–5) (citing 28 U.S.C. § 2676). However, the Government raises this argument for the first time in its Reply brief, and a party waives arguments that are asserted for the first time in a reply brief. *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 767 n.7 (10th Cir. 2009); *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008). The Court declines to address this issue *sua sponte* at this time.

## IV. Conclusion

For all of the foregoing, the Court finds that the Government's Motion to Dismiss be granted in part and denied in part.

**IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss is **DENIED** to the extent it seeks dismissal of Count One against Defendant Jones in his

---

[3] Dismissal is without prejudice because the Court has determined that it lacks jurisdiction over Plaintiff's FTCA claim, and therefore the Court "is incapable of reaching a disposition on the merits of the underlying claims." *See Kelly*, 426 Fed. Appx. at 633 (quotation omitted).

individual capacity.

**IT IS ALSO ORDERED** that the Motion to Dismiss be **GRANTED** to the extent that Count One against Defendant Jones in his official capacity is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss be **GRANTED** to the extent that Count Two of the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE