## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT WAGNER,

        Plaintiff,

v.                                        No. CV-13-771 CG/WPL

LIEUTENANT JAMES JONES, WHITE SANDS
MISSILE RANGE POLICE DEPARTMENT AKA
WHITE SANDS MISSILE RANGE
DIRECTORATE OF EMERGENCY SERVICES,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on *Defendant James Jone[s']  Motion to Dismiss* and *Memorandum of Law in Support of James Jones' Motion to Dismiss Plaintiff's Complaint* (together the "Motion to Dismiss"), filed on October 14, 2014, (Doc. 25; Doc. 26); Plaintiff's *Response to Defendant James Jones's Motion to Dismiss Plaintiff's Complaint* ("Response"), filed on November 6, 2014, (Doc. 27); and Defendant's *Reply to Plaintiff's Response to James Jones['] Motion to Dismiss Plaintiff's Complaint* ("Reply"), filed on November 17, 2014. (Doc. 28).

## I.    Background

Plaintiff Robert Wagner filed the *Complaint for Violation of Civil Rights and Personal Injury* ("Complaint") on August 19, 2013, complaining about an incident that occurred on August 17, 2010 at White Sands Missile Range. (Doc. 1). Plaintiff contends that Defendant James Jones and an unnamed police officer arrested him on suspicion of driving while under the influence of alcohol. *Id.* at 2. Plaintiff maintains that during the arrest, Defendant Jones "leg swept" him while escorting him to a patrol car, which

caused Plaintiff to fall down to his knees and fracture his tibia. *Id*.

Plaintiff asserted two claims against Defendant Jones in the Complaint. In Count I he alleged that Defendant Jones used excessive force against him in violation of his constitutional rights, and in Count II he asserted a claim for common-law battery. (Doc. 1 at 3, 4).

On March 3, 2014, the Government entered this case by filing a *Notice of Substitution of the United States of America as the Only Proper Party Defendant with Respect to Plaintiff's Tort Claims Against Defendant James Jones* ("Notice of Substitution"), pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. 6). *See* 28 U.S.C. § 2679(d)(1). The Government subsequently filed a motion to dismiss all of the claims asserted in the Complaint, alleging that the Court lacked subject-matter jurisdiction over this action. (Doc. 8).

In the *Memorandum Opinion and Order* ("Order"), entered August 5, 2014, (Doc. 20), this Court construed Count I as a constitutional claim of excessive force brought against Defendant Jones pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and granted the Government's motion to the extent it sought dismissal of the *Bivens* claim against Defendant Jones in his official capacity. (Doc. 20 at 12). The Court treated Count II as a claim brought against the Government pursuant to the FTCA and the Notice of Substitution. *Id*. at 12–13. The Court concluded that Plaintiff did not satisfy the claim presentment and notice requirements under § 2675 of the FTCA, and dismissed the claim without prejudice because the Court lacked subject-matter jurisdiction over the claim. (Doc. 20 at 15–16).

Thus, Plaintiff's *Bivens* claim against Defendant Jones in his individual capacity is

2

the only remaining claim in this action. Defendant argues that the claim should be dismissed because it is precluded by the earlier dismissal of the FTCA claim, and that it is barred by the applicable three-year statute of limitations. Plaintiff responds that the Court's dismissal of the FTCA claim for lack of subject-matter jurisdiction was not a final judgment that would invoke the FTCA's statutory judgment bar, and the Complaint was filed before the expiration of the statute of limitations.

Having considered the parties' submissions, relevant law, and the record in this case, the Court finds, for the reasons set forth below, that Defendant's Motion to Dismiss shall be **DENIED**.

## II.    Standard of Review

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The determination of subject-matter jurisdiction is a threshold question of law, and the party invoking the Court's jurisdiction bears the burden of proof. *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff filed the Complaint in this Court and therefore bears the burden of establishing that the Court has subject-matter jurisdiction over his claims.

A party seeking dismissal of a lawsuit on the basis that the court lacks subject-matter jurisdiction files his motion pursuant to FED. R. CIV. P. 12(b)(1). Rule 12(b)(1) motions take the form of either a facial or factual attack on a court's subject-matter jurisdiction. *Ingram v. Faruque*, 728 F.3d 1239, 1242 (10th Cir. 2013). If

the party challenging subject-matter jurisdiction mounts a facial attack, then "the district court must accept the allegations in the complaint as true." *Id.* (citation omitted). However, when the jurisdictional challenge is factual, then the Court has wide discretion to go beyond the allegations contained in the complaint and consider affidavits and other evidence to resolve disputed jurisdictional facts. *Id.*

A party may raise the statute of limitations defense in a motion to dismiss pursuant to Rule 12(b)(6), "when the dates given in the complaint make clear that the right sued upon has been extinguished."[1] *Torrez v. Eley*, No. 09-1464, 378 Fed.Appx. 770, 772 (10th Cir. May 17, 2010) (unpublished) (quotations omitted). When a party has asserted a statute of limitations issue in a rule 12(b)(6) motion, the Court accepts all well-pleaded factual allegations in the complaint as true and views them in the light most favorable to the plaintiff to determine whether the statute of limitations has run. *McDonald v. Kinder–Morgan, Inc.,* 287 F.3d 992, 997 (10th Cir. 2002); *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1207, 1215 (D.N.M. 2010).

## III.   Analysis

Defendant asks the Court to dismiss Plaintiff's remaining *Bivens* claim, because that claim is precluded by the dismissal of Plaintiff's FTCA claim pursuant to the FTCA's judgment bar. In the alternative, Defendant argues that dismissal is warranted because Plaintiff's *Bivens* claim was filed outside of the applicable three-year statute of

---

[1] Defendant alleges that the statute of limitations in the *Bivens* context is "jurisdictional," suggesting that review of this defense is warranted under FED.R.CIV.P. 12(b)(1). However, the timeliness of a claim is generally not considered to be a jurisdictional requirement. *Day v. McDonough,* 547 U.S. 198, 205 (2006); *Marten v. Godwin,* No. 08-4031-EFM, 2009 WL 2475257 at *2 n.8 (D.Kan. Aug. 12, 2009) (unpublished). For reasons discussed later in this Order, the Court declines to adopt Defendant's position on this issue, *see infra* Part III.B, and therefore considers Defendant's limitations argument under FED.R.CIV.P. 12(b)(6).

limitations. Plaintiff responds that the Court's dismissal of the FTCA claim for lack of

subject-matter jurisdiction does not implicate the FTCA's judgment bar, and the

Complaint was filed before the expiration of the statute of limitations.

A.    *The FTCA's Judgment Bar Does Not Preclude Plaintiff's* Bivens *Action*

Defendant contends that the Complaint should be dismissed because Plaintiff's

*Bivens* claim is barred pursuant to the FTCA. Defendant argues that the Court's

dismissal of Plaintiff's FTCA claim triggered the FTCA's judgment bar, which prevents

Plaintiff's *Bivens* claim from proceeding because both claims arose out of the same

subject matter. Plaintiff responds that the Court's dismissal of the FTCA claim for lack of

subject-matter jurisdiction did not amount to an entry of a judgment in favor of either

party. Plaintiff maintains that the Court ultimately decided that it could not enter judgment

in favor of either party, and therefore the FTCA's judgment bar does not apply to his

*Bivens* claim.

When a federal law enforcement officer commits an intentional tort, as Plaintiff

alleges here, the victim is permitted to pursue a *Bivens* claim against the officer

individually, and a common-law tort claim against the United States under the FTCA.

*See Carlson v. Green*, 446 U.S. 14, 19–20 (1980) ("Congress views FTCA and *Bivens*

as parallel, complementary causes of action."); *Engle v. Mecke*, 24 F.3d 133, 135 (10th

Cir. 1994). The FTCA provides the exclusive remedy for tort claims allegedly committed

by federal employees that occur when acting in their official capacity. 28 U.S.C. §

2679(b)(1). The FTCA constitutes a limited waiver of sovereign immunity, *Estate of*

*Trantadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005), that is

strictly construed in favor of the sovereign, *Lane v. Pena*, 518 U.S. 187, 192 (1996), and

limited by a series of specific exceptions that are jurisdictional in nature. *See Dahl v.*

*United States*, 319 F.3d 1226 (10th Cir. 2003). In contrast, a *Bivens* action is a

judicially-created mechanism that permits an individual to pursue a claim against a

federal employee in his personal capacity for damages arising out of the employee's

violations of the Constitution while acting under color of federal law. *Bivens*, 403 U.S. at

397. Thus, FTCA and *Bivens* claims are described as "separate and distinct causes of

action arising out of the same transaction." *Engle*, 24 F.3d at 135.

While a plaintiff may initially elect to bring both claims together in the same

lawsuit, a plaintiff may not recover under both theories pursuant to § 2676 of the FTCA,

also known as the "judgment bar." *Engle*, 24 F.3d at 135 (citing 28 U.S.C. § 2676).

Section 2676 provides that "[t]he judgment in an action under section 1346(b)[2] of this

title shall constitute a complete bar to any action by the claimant, by reason of the same

subject matter, against the employee of the government whose act or omission gave rise

to the claim." 28 U.S.C. § 2676.

This Court found that Plaintiff did not satisfy all of the jurisdictional requirements of

the FTCA because he failed to exhaust his administrative remedies prior to bringing suit.

(Doc. 20 at 15–16). As a result, Plaintiff's FTCA claim was dismissed without prejudice

for lack of subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *Id.* Defendant

---

[2]  Section 1346(b) conveys exclusive jurisdiction to the district courts over:
> . . . civil actions on claims against the United States, for money damages . . . for injury or
> loss of property, or personal injury or death caused by the negligent or wrongful act or
> omission of any employee of the Government while acting within the scope of his office or
> employment, under circumstances where the United States, if a private person, would be
> liable to the claimant in accordance with the law of the place where the act or omission
> occurred.

28 U.S.C. § 1346(b)(1).

contends that the Court's dismissal of that claim constitutes a "judgment" for purposes of § 2676, operating to now preclude Plaintiff's *Bivens* claim.

The Tenth Circuit discussed the relationship between *Bivens* claims, the FTCA, and the FTCA's § 2676 judgment bar in the seminal case *Farmer v. Perrill*, 275 F.3d 958 (10th Cir. 2001). The plaintiff in *Farmer* filed a *Bivens* claim against government employees, while also filing a separate lawsuit asserting an FTCA claim against the Government. *Id.* at 960. Both claims requested damages that allegedly resulted from the defendants' failure to provide Farmer with treatment for transsexualism while she was incarcerated. *Id.* at 959–60. After the FTCA action was dismissed with prejudice for failure to prosecute pursuant to FED.R.CIV.P. 41(b), the individual defendants in *Farmer* moved to dismiss the *Bivens* claim on the basis that § 2676 barred Farmer from litigating any other action arising out of the same subject matter.

The Court observed that, "[b]y its terms Section 2676 makes a final judgment on an FTCA claim preclusive against any *Bivens* action based on the same underlying complaint," and "the plain language of [Section 2676 is] unambiguous in its application to judgments generally." *Farmer*, 275 F.3d at 962, 963 n.7. The Court also reflected on the legislative intent of the FTCA's judgment bar, which it noted was "to prevent multiple lawsuits as well as multiple recoveries." *Id.* at 963 n.7. For those reasons, the *Farmer* Court determined that it must join the Seventh and Ninth Circuits "in their conclusion that '*any* FTCA judgment, regardless of its outcome, bars a subsequent *Bivens* action on the same conduct that was at issue in the prior judgment.'" *Id.* (quoting *Hoosier Bancorp. of Ind., Inc. v. Rasmussen*, 90 F.3d 180, 185 (7th Cir. 1996), and *Gasho v. United States*, 39 F.3d 1420, 1437 (9th Cir. 1994)). Thus, that Court held that if a district court issues a

7

judgment in an FTCA action, then a *Bivens* suit arising out of the same subject matter will be barred, regardless of whether the judgment was rendered in favor of or against the Government. *Farmer*, 275 F.3d at 963 ("Section 2676 makes no distinction between favorable and unfavorable judgments."). In light of that holding, the Tenth Circuit found that Farmer's *Bivens* claim was precluded by § 2676. *Id.* at 964.

The *Farmer* Court was careful to square its holding with the U.S. Supreme Court's opinion in *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001). *Semtek* addressed the preclusive effect that a federal court's dismissal of a claim with or without prejudice has on later state court actions. *Semtek*, 531 U.S. at 505. The *Farmer* Court quoted *Semtek* for the proposition that "the primary meaning of dismissal without prejudice" means that the plaintiff would not be barred from returning later to the same court with the same underlying claim. *Farme*r, 275 F.3d at 964 (quoting *Semtek*, 531 U.S. at 505). After noting that the reverse is true for an "adjudication upon the merits," commonly referred to as a dismissal with prejudice, the Tenth Circuit explained that the claim-preclusive effect described in *Semtek* was the "precise" issue it was presented with in *Farmer*. *Id*. The Tenth Circuit reasoned that because Farmer's FTCA action was dismissed with prejudice by the district court, and both the FTCA and *Bivens* actions involved the same substantive federal-question claims in the same district court, Farmer must be barred from pursuing her *Bivens* action. *Id*. The Court posited that *Semtek* only "reinforced," rather than "vitiated," that result. *Id*.

Here, the FTCA and *Bivens* claims were brought concurrently in the same action, and involve the same subject matter. Defendant argues that pursuant to the textualist interpretation of § 2676 espoused by the Tenth Circuit in *Farmer*, the Court's dismissal of

Plaintiff's FTCA claim constituted a judgment for purposes of § 2676. Defendant maintains that § 2676 does not distinguish among types of judgments, and therefore the dismissal of the FTCA action bars the *Bivens* claim. However, the Court does not agree with Defendant's overly-broad interpretation of *Farmer*.

First, the facts of this case are distinguishable from those in *Farmer* in a significant way. In *Farmer*, the district court's dismissal of the plaintiff's FTCA claim constituted an adjudication on the merits, which had a claim-preclusive effect on the plaintiff's *Bivens* claim. In this case, the Court entered a dismissal of Plaintiff's FTCA claim without prejudice for lack of subject-matter jurisdiction, which means that under certain, albeit limited, circumstances, Plaintiff could re-file that claim in this court. Therefore, the same claim-preclusive effect of the FTCA claim discussed in *Farmer* simply is not present here.

Further, the Court is persuaded by Plaintiff's argument that the dismissal of his FTCA claim was not a "judgment" for purposes of § 2676. The Court dismissed Plaintiff's FTCA claim because he failed to satisfy the jurisdictional statutory requirements of § 2675. A jurisdictional statute, such as § 2675, deprives the court of the power to decide the case altogether. *See Haywood v. Drown*, 556 U.S. 729, 769 (2009) (Thomas, J., dissenting) (quoting 10A C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE & PROCEDURE § 2713, p. 239 (3d ed. 1998) ("If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action."), and RESTATEMENT (SECOND) OF JUDGMENTS § 11, p. 108 (1980) ("A judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action.")). The sole consequence of jurisdictional statutes is that the law

cannot be enforced in one particular judicial forum. *Haywood*, 556 U.S. at 769.

The Sixth Circuit recently utilized this rationale to find that the judgment bar did not apply in a case with similar procedural facts as the one here. *Hemmelreich v. Fed. Bureau of Prisons*, No. 13-4212, (6th Cir. Sept. 9, 2014) (per curiam) (unpublished, but recom'd for pub.), http://www.ca6.uscourts.gov/opinions.pdf/14a0231p-06.pdf. In *Hemmelreich*, the district court found that the discretionary-function exception applied, which deprived the district court of subject-matter jurisdiction. *Id.* at *4. The Sixth Circuit found that dismissal for lack of subject-matter jurisdiction did not trigger the § 2676 judgment bar, because "in the absence of jurisdiction, the court lacks the power to enter judgment." *Id.*

For substantially the same reason, other courts that have reached a similar result. *See, e.g.*, *Hallock v. Bonner*, 387 F.3d 147, 154–55 (2d. Cir. 2004) (concluding that the judgment bar does not apply to FTCA suits dismissed on jurisdictional grounds, because dismissal for lack of subject-matter jurisdiction has no preclusive effect); *Donahue v. Connolly*, 890 F.Supp.2d 173, 188 (D.Mass. 2012) (reasoning that because statute of limitations is an absolute predicate to jurisdiction over an FTCA claim, dismissal of the FTCA action as untimely did not bar a *Bivens* claim). The Second Circuit explained that under such a scenario, the claim was never properly brought under the FTCA in the first place, and is therefore a nullity. *Hallock*, 387 F.3d at 155. These courts hold that the dismissal of an FTCA claim for jurisdictional reasons cannot have a preclusive effect on any future constitutional claim because such a dismissal cannot constitute an FTCA judgment.

Defendant would have this Court find that any disposition of an FTCA action

10

would preclude other suits pursuant to the judgment bar. He cites to several opinions entered by district courts outside of the Tenth Circuit to support that conclusion. *See Gibson v. F.B.I.*, No. 2:11-CV-00936-WMA-SGC, 2014 WL 5473833 (N.D.Ala. Sept. 30, 2014) (unpublished) (holding that § 2676 must be be strictly construed, and therefore dismissal of plaintiff's FTCA claim under the detention-of-goods exception barred it from considering Plaintiff's *Bivens* claim); *Quiroz v. Hall*, Civil No. 2:12cv212, 2013 WL 4048552, at *3–4 (N.D.Ind. Aug. 9, 2013) (unpublished) (noting in dicta that all judgments, including dismissals on procedural grounds, are subject to the FTCA judgment bar); *Sanchez v. McLain*, 867 F.Supp.2d 813, 823 (S.D.W.Va. 2011) (dismissal of plaintiff's FTCA claim for failure to exhaust administrative remedies operated as a complete bar to his *Bivens* claims); *Freeze v. United States*, 343 F.Supp.2d 477, 481 (M.D.N.C. 2004) (same). These cases rely on the purported "clarity and simplicity of the language of § 2676," as well as the legislative intent of § 2676 to relieve the Government of the substantial burden of defending repetitive suits and encourage claimants to bring tort claims against the Government instead of individual employees, to reach this conclusion. *See Sanchez*, 867 F.Supp.2d at 823.

Thus, on the particular question before this Court there is a circuit split which the Tenth Circuit has yet to address. Contrary to Defendant's assertions, the *Farmer* Court did not go so far to hold that the dismissal of an FTCA claim for lack of subject-matter jurisdiction triggers the § 2676 judgment bar. The *Farmer* Court was clearly influenced by the plain language and legislative intent of § 2676, but also recognized that the claim-preclusive effect of the dismissed FTCA claim played a significant role in finding that the judgment bar applied in that case.

One of the cornerstones of the common law is that a court without jurisdiction over a claim is necessarily unable to render a judgment on that claim. The Court finds no binding authority or compelling reason in the text of § 2676 to now depart from the common-law rule. *See, e.g.*, *Haywood*, 556 U.S. at 769 ("Jurisdictional statutes therefore by definition are incapable of undermining federal law."). Further, in accordance with *Semtek*, this Court cannot find that the dismissal of Plaintiff's FTCA claim constituted a judgment on the merits with any claim-preclusive effect over other actions arising from the same transaction. For all of the foregoing reasons, the Court holds that the § 2676 judgment bar does not preclude Plaintiff's *Bivens* claim in this suit.

B.    <u>Statute of Limitations</u>

Defendant also argues that the *Bivens* claim is barred because it was brought outside of the three-year statute of limitations period. Plaintiff responds that his suit was timely, and therefore his *Bivens* claim should be retained.

*A Bivens* action is not proscribed by a special statute of limitations period; instead Courts must apply the "most closely analogous state statute of limitations, unless to do so would be inconsistent with federal law." *Indus. Constrs. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (citing *Owens v. Okure*, 488 U.S. 235, 239 (1989)). Here, both parties agree that Plaintiff's *Bivens* claim is subject to the statute of limitations for a general personal injury statute in the state where the action arose, which in this case, was New Mexico. *Indus. Constrs. Corp.*, 15 F.3d at 968.

The limitations period for personal injury claims under New Mexico law is three years. NMSA 1978 § 37-1-8 ("Actions must be brought . . . for an injury to the person . . .

12

within three years."); *see also Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). The parties concur that Plaintiff's injuries occurred on August 17, 2010, and therefore the statute of limitations is calculable from that date. *See Indus. Constrs. Corp.,* 15 F.3d at 969 *(*"The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."). Defendant contends that Plaintiff was required to file suit no later than August 17, 2013, and that the claim is untimely because the Complaint was filed on August 19, 2013. Plaintiff reasons that because the claim is untimely, the Court is without jurisdiction over this action and the Complaint should be dismissed.

Plaintiff responds that the limitations period was extended pursuant to both New Mexico law and the Federal Rules of Civil Procedure because August 17, 2013 fell on a Saturday. *See* NMSA 1978 § 12-2A-7(f) (1997) ("[I]f the last day of the period is a Saturday, . . . the period ends on the next day that is not a Saturday, Sunday or legal holiday"); FED.R.CIV.P. 6(a)(1)(c) ("[I]f the last day is a Saturday, . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). He alleges that pursuant to NMSA Section 12-2A-7(f) and FED.R.CIV.P. 6(a), the limitations period was extended to the Monday following August 17, which was August 19. Plaintiff concludes that his Complaint was therefore timely filed and is not subject to dismissal.

Defendant replies that it is impermissible to re-calculate the limitations period pursuant to NMSA Section 12-2A-7(f) or FED.R.CIV.P. 6, because doing so would improperly expand the Government's waiver of sovereign immunity. Defendant argues that the limitations requirement in the *Bivens* context is jurisdictional, and therefore cannot be extended for the sole reason that the end of the period falls on a Saturday. He

reasons that NMSA Section 12-2A-7(f) and FED.R.CIV.P. 6 cannot expand the narrow waiver of sovereign immunity recognized in *Bivens*.

This Court previously noted that the United States has never waived its immunity to be sued for violating an individual's constitutional rights, and that a claim brought against an individual defendant for actions taken by that individual in his official capacity as an agent of the United States, will operate as a claim against the United States and not the individual defendant. *See Farmer*, 275 F.3d at 963; s*ee also Ky. v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent.") (citation omitted). The Tenth Circuit explained this legal fiction in *Farmer*:

> [t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity . . . any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.

*Farmer* 275 F.3d at 963. For this reason, this Court dismissed Plaintiff's *Bivens* claim against Defendant in his official capacity, to the extent one was pled, while retaining the *Bivens* claim against Defendant in his individual capacity. The Government is not the defendant in the *Bivens* action before this Court, and therefore the Court need not inquire whether NMSA Section 12-2A-7(f) or Rule 6(a) impermissibly expands the Government's waiver of sovereign immunity.

The Court is further unpersuaded by Defendant's argument that neither NMSA Section 12-2A-7(f) nor Rule 6(a) apply because the limitations period in a *Bivens* action is "jurisdictional." Defendant only cites to *United States v. Graham*, No. 99-10023-01-JTM, et seq., 2004 WL 784919 (D.C.Kan. Apr. 9, 2004) (unpublished)

14

(rev'd on other grounds by *United States v. Graham*, No. 04-3144, 179 Fed.Appx. 528

(10th Cir. May 5, 2006) (unpublished)), to support his proposition that the limitations

requirement in this case is jurisdictional and therefore cannot be extended to August 19,

2013. In *Graham*, the district court was asked to determine whether a habeas petitioner

timely filed his habeas petition within the one-year statute of limitations. *Graham*, 2004

WL 784919 at *2. That Court noted that the limitations period ended on a Saturday, and

that the petition was filed the following Monday, which was the business day following

the date the petition was due. *Id*. Calculating the limitations deadline pursuant to Fed. R.

Civ. P. 6(a), the district court held that the petition had been timely filed. *Id*. Thus,

*Graham* does not support Defendant's conclusion, and is authority that bolsters Plaintiff's

proffered theory of the correct calculation of time.

Defendant also directs the Court to the Eighth Circuit's first opinion in the case

*Mader v. United States*, 619 F.3d 996 (8th Cir. 2010) (superseded by *Mader v. United

States*, 654 F.3d 794 (10th Cir. 2011) (en banc)), that Rule 6(a) cannot be used to

impermissibly constrict or expand the jurisdiction of federal courts. However, the Eighth

Circuit sitting en banc superseded that decision, finding that the timely presentment of a

claim through the FTCA's administrative claims process is a jurisdictional term of the

Government's waiver of sovereign immunity. *Id*. at 807. Because the *Mader* plaintiff

failed to strictly comply with those jurisdictional requirements, the suit was properly

dismissed for want of subject-matter jurisdiction. *Id*. at 808. The Eight Circuit did not

discuss Rule 6(a) or its potential effect on a district court's jurisdiction over a *Bivens*

claim, or hold that limitations in the *Bivens* context is a jurisdictional prerequisite for filing

suit.

15

As previously explained, in reviewing the timeliness of a *Bivens* claim, the Court must calculate the statute of limitations based on the most closely analogous state statute of limitations, except when doing so would be inconsistent with federal law. Pursuant to either New Mexico law or the Federal Rules of Civil Procedure, the limitations period ended on August 19, 2013, which was the day that Plaintiff filed the Complaint. The Court can locate no legal authority that the limitations requirement for a *Bivens* claim is jurisdictional, or that if it was, the Court would necessarily be prohibited from calculating the limitations period pursuant to either New Mexico law or the Federal Rules of Civil Procedure.

Despite making several creative arguments that are inapplicable in the *Bivens* context, Defendant has presented no binding or persuasive legal authority for calculating the limitations period under his proffered theory, and the Court has similarly found none. Therefore, the Court finds that Plaintiff's *Bivens* claim was timely filed.

## IV.    Conclusion

For all of the foregoing reasons, the Court finds that the FTCA's § 2676 judgment bar does not preclude Plaintiff's *Bivens* claim, nor was the *Bivens* claim filed untimely.

**IT IS THEREFORE ORDERED** *Defendant James Jone[s'] Motion to Dismiss*, (Doc. 25), be **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

16