IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT WAGNER,

    Plaintiff,

v.                                                                           CV 13-771 CG/WPL

LIEUTENANT JAMES JONES, WHITE SANDS
MISSLE RANGE POLICE DEPARTMENT AKA
WHITE SANDS MISSLE RANGE
DIRECTORATE OF EMERGENCY SERVICES,

    Defendants.

**ORDER GRANTING MOTION TO STAY DISCOVERY**

    This matter is before me on James Jones's Motion To Stay Discovery. (Docs. 32-33.) Jones asks for a stay of all discovery until he has filed a motion for summary judgment based on qualified immunity and the Court has ruled on the motion. Jones states that he will file the motion for summary judgment on or before February 21, 2015. (Doc. 33 at 2.) In the alternative, Jones asks that if I decline to stay all discovery, I instead enter a protective order limiting discovery to those issues necessary to address Jones's entitlement to qualified immunity. Wagner did not respond to the motion to stay. The failure of a party to respond to a motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

    "The defense by a public official based on a claim of qualified immunity, if successful, protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at

the time the allegedly unlawful action occurred." *Id.* at 336 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). The court must determine whether a reasonable person could have believed the defendant's alleged actions to be lawful; if so, the "defendant[] [is] entitled to dismissal before discovery." *Id.* If the qualified immunity issue is not resolved by a motion to dismiss, "discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved." *Id.* Any such discovery must be tailored specifically to the qualified immunity defense. *Id.* (citation omitted).

The Court denied Jones's motion to dismiss, which asserted lack of subject-matter jurisdiction. (*See* Docs. 25-26, 30.) The motion to dismiss did not argue Jones's entitlement to qualified immunity. (*See* Docs. 25-26.) Upon the Court's denial of the motion to dismiss, I entered an Initial Scheduling Order. (Doc. 31.)

Because one of the purposes of qualified immunity is to protect officials from the burdens of discovery, and Wagner's failure to respond to the motion to stay constitutes consent to grant the motion, I hereby GRANT the motion to stay. Discovery is stayed until Jones's motion for summary judgment has been ruled on by the Court, unless the Court permits limited discovery pursuant to Federal Rule of Civil Procedure 56(d). Jones must file his motion for summary judgment on or before February 21, 2015, for the stay to remain in effect past that date. Furthermore, the Initial Scheduling Conference and associated deadlines are hereby VACATED.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.