**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERT WAGNER,

        Plaintiff,

v.                                  No. CV-13-771 CG/WPL

LIEUTENANT JAMES JONES, WHITE SANDS
MISSILE RANGE POLICE DEPARTMENT AKA
WHITE SANDS MISSILE RANGE
DIRECTORATE OF EMERGENCY SERVICES,

        Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      **THIS MATTER** is before the Court on *Defendant Lieutenant James Jones' Motion to Dismiss or in the Alternative, for Pre-Discovery Summary Judgment* and *Memorandum of Law in Support of Lieutenant James Jones' Motion to Dismiss or in the Alternative, for Pre-Discovery Summary Judgment* ("Motion"), filed on February 20, 2015, (Doc. 35; Doc. 36); Plaintiff Robert Wagner's *Response to Defendant James Jones's Motion to Dismiss or in the Alternative, for Pre-Discovery Summary Judgment* ("Response"), filed on March 16, 2015, (Doc. 37); and *Lieutenant James Jones' Reply in Support of His Motion to Dismiss, or in the Alternative, for Pre-Discovery Summary Judgment* ("Reply"), filed on April 1, 2015. (Doc. 38).

## I.    Background

      Plaintiff Robert Wagner filed the *Complaint for Violation of Civil Rights and Personal Injury* ("Complaint") on August 19, 2013, regarding an incident that occurred on August 17, 2010 at White Sands Missile Range. (Doc. 1). Plaintiff contends that Defendant James Jones and Lieutenant William Hughes arrested him on suspicion of

driving while under the influence of alcohol.[1]  (*Id.* at 2). Plaintiff alleges that during the

arrest, Defendant intentionally and with malice "leg swept" him while escorting him to a

patrol car, which caused Plaintiff to fall down to his knees and fracture his tibia. (*Id.*).

The only remaining claim in this case is Plaintiff's excessive force claim against

Defendant for allegedly violating his Fourth Amendment rights, brought pursuant to

*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff claims that

Defendant used excessive force when Defendant leg swept him during the arrest.

Defendant argues that the claim should be dismissed pursuant to Fed. R. Civ. P.

12(b)(6), or in the alternative that summary judgment should be granted in his favor,

because he is entitled to qualified immunity.[2]  (Doc. 35 at 1; Doc. 36 at 1). Plaintiff

opposes the Motion on the basis that his Complaint satisfies the notice and pleading

requirement, that he has established that qualified immunity is inapplicable under these

set of facts, and that all factual disputes must be resolved in his favor at this early stage

of the case.

Having considered the parties' submissions, relevant law, and the record, the

Court finds, for the reasons set forth below, that Defendant's Motion shall be **GRANTED**.

## II.    Analysis

Defendant moves for dismissal of the Complaint on the basis that he is entitled to

---

[1] In the Complaint, Lieutenant Hughes was identified as a Sergeant. However, Defendant submitted Lieutenant Hughes' affidavit with the Motion, in which Lieutenant Hughes stated that he is currently employed as a police lieutenant with the White Sands Missile Range Police Department. (Doc. 36, Ex. 1 at ¶ 1).
[2] Defendant also alleges that dismissal is appropriate because the Court lacks subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), (*see* Doc. 35 at 1 and Doc. 36 at 1), but fails to put forward any argument in support of that contention. Thus, the Court declines to find it lacks subject-matter jurisdiction based on the briefs submitted by Defendant.

qualified immunity pursuant to Rule 12(b)(6), and in the alternative summary judgment under Rule 56(a). Plaintiff responds that he has sufficiently pled his excessive force claim and dismissal is inappropriate at this time, and all factual disputes must be resolved in his favor.

>A.     _Motion to Dismiss_

Defendant first contends that the excessive force claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a plausible constitutional violation and demonstrate that it was clearly established that Defendant's use of force was excessive on the date of Defendant's conduct. Plaintiff responds that the Court must view all allegations contained in the Complaint in the light most favorable to him, and that he has set forth a claim for excessive force and shown that Defendant's conduct was clearly excessive as of August 2010.

>1.     _Standard of Review Pursuant to Fed. R. Civ. P. 12(b)(6)_

The Federal Rules of Civil Procedure provide that a complaint must contain a "short and plain" statement of (1) the ground supporting the court's jurisdiction; (2) the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). A defendant may move the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain allegations of fact that, taken as true, "state a claim to relief that is plausible on its face." _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable

inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citations omitted). While the court must accept as true all of the allegations in the Complaint, the court need not grant the same deference to conclusory statements. *Iqbal*, 556 U.S. at 678. Moreover, "a formulaic recitation of the elements of a cause of action" will not suffice to state a claim. *Twombly*, 550 U.S. at 555.

Qualified immunity protects public officials performing discretionary functions unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). When a claim of qualified immunity is made pursuant to a motion to dimiss, there are two distinct inquiries the Court must make: (i) "whether the facts, taken in a light most favorable to the plaintiff, set forth a constitutional violation"; and (ii) "whether the violation was clearly established at the time the conduct took place." *VanZandt v. Okla. Dept. of Human Servs.*, No. 06-6377, 276 Fed. Appx. 843, 848 (10th Cir. May 5, 2008) (unpublished) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). "If both of these inquiries can be answered in the affirmative, then the Defendants are not entitled to qualified immunity." *Van Zandt*, 276 Fed. Appx. at 848.

2.    *Violation of a Constitutional Right*

The first question the Court must answer is whether the alleged leg sweep of Plaintiff by Defendant, while Plaintiff was being escorted to the patrol car, is a violation of Plaintiff's constitutional right. The Court will first look to the allegations as set forth in the

4

Complaint to determine whether Plaintiff has alleged sufficient facts to set forth a plausible claim that Defendant violated his Fourth Amendment right.

Plaintiff alleges that "[o]n August 17, 2010 at approximately 10:00 pm., Lieutenant Hughes arrested him on suspicion of driving while under the influence of intoxicating liquor." (Doc. 1 at 2). Plaintiff claims that Defendant subsequently arrived on the scene to assist Lieutenant Hughes with the arrest. (*Id.*). Plaintiff asserts that, "[w]hile escorting the Plaintiff to the patrol car [Defendant] intentionally and with malice 'leg-swept' [him] causing him to fall forward landing on his knee: the asphalt." (*Id.*). Plaintiff alleges that the fall caused him to fracture his tibial plateau. (*Id.*) Plaintiff claims Defendant's actions during the arrest constituted excessive force in violation of the Fourth Amendment. (*Id.*). He requests judgment against Defendant and an award of various categories of damages that he contends he incurred as a direct result of Defendant's violation of his constitutional right. (*Id.* at 3).

Where qualified immunity is asserted in a motion to dismiss, the correct standard for review is the same as for dismissals based on failure to state a claim for relief. *Archuleta v. Wagner*, 523 F.3d 1278, 1280 (10th Cir.2008). Thus, the Court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."[3] *Id.* (quotation omitted). The Court must "accept as true all well-pleaded

---

[3] Defendant tenders several documents to the Court in support of his motion to dismiss, arguing that the materials fall within one of the exceptions to the restriction on what the Court can consider in resolving the motion. Those exceptions are limited to: (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Defendant has not demonstrated that any of the proffered documents fall within one of these exceptions. Therefore, the Court will only examine the Complaint and discuss the excessive force claim without reference to Defendant's additional materials.

facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Id.* (quotation omitted).

Defendant maintains that he is entitled to qualified immunity because he did not violate Plaintiff's Fourth Amendment right when he escorted Plaintiff to the patrol car. (Doc. 36 at 7–8). When Plaintiff was arrested he was seized within the meaning of the Fourth Amendment. The Fourth Amendment guarantees citizens the right "to be secure in their persons ... against unreasonable ... seizures." *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1248 (10th Cir. 2013). "Excessive force claims are governed by the Fourth Amendment's objective reasonableness standard." *Morris v. Noe*, 672 F.3d 1185, 1195 (10th Cir. 2012) (quotation omitted). Whether the force used by police officers is excessive or reasonable is an objective inquiry depending on the facts and circumstances of each particular case. *Graham v. Connor*, 490 U.S. 386, 398 (1989). The Court considers (i) "the severity of the crime at issue"; (ii) "whether the suspect poses an immediate threat to the safety of the officers or others"; and (iii) "whether he is actively resisting arrest or attempting to flee." *Morris*, 672 F.3d at 1195 (citing *Graham*, 490 U.S. at 396).

Taking the facts alleged in the Complaint as true, all of the *Graham* factors weigh strongly in Plaintiff's favor. Defendant was arrested on suspicion of driving while under the influence of alcohol in violation of NMSA 66-8-102 (2006). Such an offense is by no means insignificant, but is not an inherently violent one, and the Complaint does not suggest that Plaintiff was behaving aggressively or erratically. Thus, the Court cannot conclude that a "leg sweep" is an appropriate use of force in arrests for suspicion of driving while under the influence, and therefore that factor weighs in favor of Plaintiff. The

6

second factor also weighs heavily in Plaintiff's favor, as nothing in the Complaint suggests that Plaintiff posed a threat to the safety of the officers or others. Plaintiff alleges that at the time of the conduct, he was being escorted by Defendant to the patrol car. On these facts, Plaintiff posed little threat to officer or bystander safety. Finally, nothing in the Complaint suggests that Plaintiff was resisting arrest or attempting to flee, and therefore the third factor also weighs in Plaintiff's favor.

Defendant also argues that Plaintiff's allegation that Defendant "leg swept" him to be entirely unsupported and implausible. Defendant contends that Plaintiff's allegations infer only the mere possibility of misconduct, and do not demonstrate that Defendant's use of force was excessive or otherwise violated the Fourth Amendment. (Doc. 36 at 13). Thus, Defendant reasons that dismissal pursuant to Rule 12(b)(6) is appropriate under the *Iqbal* standard. (Doc. 36 at 13).

Pursuant to Rule 12(b)(6), Plaintiff must allege facts sufficient to show that Defendant plausibly violated his constitutional right, and that the right was clearly established at the time, in order to "nudge" his claim "across the line from conceivable to plausible." *Robbins v. State of Okl.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly,* 550 U.S. at 570). This requires enough allegations to give Defendant notice of the theory under which Plaintiff's claim is made. *Robbins*, 519 F.3d at 1248. "The complaint must meet the minimal standard of notice pleading as articulated by the Court in *Twombly*." *Id.* at 1249. Allegations must be sufficient enough to make clear the grounds on which Plaintiff is entitled to relief; otherwise, it would be impossible for the Court to determine at an early stage of litigation whether the asserted claim is clearly established. *Id.*

7

The Complaint alleges a specific date and time, describes Defendant's alleged actions, and links Defendant to the end result, which was Plaintiff's fractured tibia. Thus, the Complaint contains a factual basis for why Defendant allegedly used excessive force against Plaintiff. The Court finds that the allegations in the Complaint are sufficient and plausible under the *Twombly* and *Iqbal* standards, giving Defendant proper notice of the claim against him and alleging specific actions taken by Defendant against Plaintiff. Thus, the details provided nudge the claim across the line from conceivable to plausible. *VanZandt*, 276 Fed. Appx. at 846–47.

Based on the facts presented in the Complaint, taken as true, Plaintiff has met his burden as to the first qualified immunity prong. The Court must next determine whether the constitutional right violated was clearly established at the time of the incident.

### 3.   *Clearly Established Right*

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Morris*, 672 F.3d at 1196 (quotation omitted). The question of whether a right is clearly established must be answered "in light of the specific context of the case, not as a broad general proposition." *Id.* (quotation omitted). The inquiry is not whether the general right to be free from excessive force is clearly established, but whether Plaintiff had a clearly established right under the facts of this case. *Id.*

"Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from

other courts must have found the law to be as the plaintiff maintains." *Morris*, 672 F.3d at 1196 (quotation omitted). However, "[b]ecause the existence of excessive force is a fact-specific inquiry, there is rarely a previously published opinion involving exactly the same circumstances. *Id.* Thus, when a law enforcement officer's violation of the Fourth Amendment is particularly clear from *Graham* itself, the Court need not require a second decision with greater specificity to clearly establish the law. *Id.* at 1197.

Plaintiff responds to Defendant's request for dismissal by citing to the *Graham* decision generally, and argues that pursuant to the *Graham* factors he had a clearly established right under the facts of this case. (Doc. 37 at 4). The Court has found no cases addressing the type of force used here, where Plaintiff alleges he was tripped by one of the arresting officers while in their custody. However, the Court concludes that in the absence of a similar prior case, the force was clearly unjustified based on the application of the *Graham* factors.

Since all of the *Graham* factors weigh in Plaintiff's favor, the Court concludes that a reasonable officer would know based on his training that the force used was not justified. As the Tenth Circuit has previously observed, "*Graham* establishes that force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest." *Morris,* 672 F.3d at 1198 (quotation omitted). Taking the facts alleged in the Complaint as true, Defendant had no reason to believe Plaintiff was a violent offender, that he posed any threat to the officers or others, and he did not attempt to resist or flee. Thus, the Court finds that Plaintiff's right to be free from being leg swept by an officer after he had already been subdued and arrested was clearly established under *Graham.*

9

The Court finds that, taking all facts as true that were pled in the Complaint, Plaintiff has established that Defendant violated his Fourth Amendment right pursuant to *Graham*. Second, the right was clearly established as of August 2010, because *Graham* was decided in 1989. As both prongs of the test for qualified immunity are satisfied, the Court will deny Defendant's claim of qualified immunity under the Rule 12(b)(6) standard.

B.    <u>Motion for Summary Judgment</u>

In the alternative, Defendant moves for summary judgment on his claim of qualified immunity, tendering evidence that he did not leg sweep Plaintiff as alleged in the Complaint, and therefore he did not use excessive force against Plaintiff. Thus, Defendant argues, he is entitled to qualified immunity since Plaintiff cannot show that he violated a clearly established right. Plaintiff responds that all factual conflicts must be resolved in his favor, and that all disputed issues of material fact must be resolved by the fact finder and not by the Court.

1.    *Standard of Review*

The Court shall grant summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Id.* A movant who does not bear the burden of persuasion at trial, such as Defendant, need not negate the nonmovant's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Such a movant only bears the burden

of making a prima facie demonstration that there is no genuine issue of material fact, and may do so by pointing out a lack of evidence on an essential element of the nonmovant's claim. *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670–71 (10th Cir.1998) (citing *Celotex Corp.,* 477 U.S. at 323, 325).

If the moving party has demonstrated an absence of material fact, then the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal quotations omitted). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. *See Anderson,* 477 U.S. at 249. The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1490 (10th Cir.1995). To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *See Adler*, 144 F.3d at 671.

When a defendant asserts qualified immunity at the summary judgment stage, the responsibility shifts to the plaintiff to meet a "heavy two-part burden." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). The plaintiff must demonstrate on the facts alleged: (i) that the defendant's actions violated his or her constitutional or statutory rights; and (ii) that the right was clearly established at the time of the alleged unlawful activity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).

### 2.    No Violation of a Constitutional Right

Defendant argues that he is entitled to qualified immunity because Plaintiff has failed to demonstrate that his actions constituted excessive force in violation of the Fourth Amendment. Defendant tendered several exhibits in support of this argument, including his own affidavit (Doc. 36, Ex. 2), the affidavit of Lieutenant Hughes (Id., Ex. 1), the military police report concerning Plaintiff's arrest, (Id., Ex. 3), and the resulting court documents related to the investigation and charges brought against Plaintiff. (Id., Ex. 4).

Defendant proffers the following facts as undisputed based on the evidence he has submitted in support of his motion for summary judgment. After Plaintiff failed a field sobriety test, Defendant and Lieutenant Hughes arrested him and placed him in two sets of handcuffs because he is a large man. (Doc. 36, Ex. 1 at ¶ 4–5; Id., Ex. 2 at ¶ 3). While they escorted Plaintiff to the patrol car, Plaintiff told the officers that they did not have to touch him. (Id., Ex. 2 at ¶ 5). Lieutenant Hughes responded that the officers were holding Plaintiff so that he did not trip and fall or lose his balance. (Id., Ex. 1 at ¶ 8; Id., Ex. 2 at ¶ 5). Plaintiff then turned to Lieutenant Hughes and said that he did not need any help, and yelled that he would not fall. (Id., Ex. 1 at ¶ 8; Id., Ex. 2 at ¶ 5). Defendant believed that Plaintiff's conduct was aggressive, because he felt Plaintiff's left arm tense up as Plaintiff moved aggressively toward Lieutenant Hughes. (Id., Ex. 1 at ¶ 5). Defendant maintained his hold on Plaintiff, pulling Plaintiff back toward him in order to prevent Plaintiff from getting free. (Id., Ex. 2 at 5). Defendant believes that his use of force in pulling Plaintiff toward him caused Plaintiff to fall. (Id., Ex. 2 at 5). Plaintiff then began to fall in Lieutenant Hughes' direction toward the ground. (Id., Ex. 1 at ¶ 8). Lieutenant Hughes was unable to stop the fall, but attempted to slow Plaintiff's fall by lifting up his arms. (Doc. 36, Ex. 1 at

12

¶ 8).

Plaintiff argues that the Court may not assume that these facts are undisputed, because the Court must accept the allegations in the Complaint as true.[4] Plaintiff did not respond by offering any evidence in support of his excessive force claim, relying solely on the unverified statements in the Complaint. Att summary judgment "a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings." *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988). Here the Complaint was not verified, so the Court cannot treat it as an affidavit for purposes of summary judgment. *See id.*

The Court will consider the *Graham* factors once again, but in light of the above facts that Defendant has established are undisputed, and pursuant to the summary judgment standard of review. Again, the factors to consider include, but are not limited to, (i) the severity of the crime at issue; (ii) whether the suspect poses an immediate threat to the safety of the officers or others; and (iii) whether he is actively resisting arrest or attempting to evade arrest by flight. *Graham*, 490 U.S. at 396. An officer who has a reasonable but mistaken belief about a suspect's dangerousness may nevertheless be justified in using more force than is necessary. *Cavanaugh*, 718 F.3d at 1249.

Looking at the circumstances as a whole and taking into consideration the outside evidence submitted on summary judgment, the *Graham* factors are indeterminate at best, and on balance, they favor Defendant. Defendant has submitted uncontroverted evidence that Plaintiff was yelling during his arrest, stated that he did not want to be

---

[4]  Plaintiff also alleges in the Response that his wife witnessed Defendant trip him, (Doc. 37 at 5), but does not substantiate that statement with any evidence.

escorted by the officers to the patrol car, and made an aggressive move toward Lieutenant Hughes. Further, this evidence shows that Plaintiff fell when Defendant pulled Plaintiff towards him to prevent Plaintiff from escaping his grasp. Again, the Court may not consider Plaintiff's unsubstantiated claim that Defendant caused his fall by tripping him because the Complaint was not verified and Plaintiff failed to bring forward any evidence to dispute the officers' affidavits.

Plaintiff contends that Defendant and Lieutenant Hughes' affidavits contain factual discrepancies apparent on their face that must be resolved by the fact finder. Specifically, Plaintiff points out that Lieutenant Hughes stated that Plaintiff fell because he jerked towards Lieutenant Hughes, while Defendant claims that Defendant pulled Plaintiff towards Defendant which caused his fall. The Court has reviewed the affidavits and does not find them to be facially inconsistent. Additionally, Plaintiff has not demonstrated that these inconsistencies tend to clearly show that a violation of his Fourth Amendment right occurred.

Thus, the Court finds that Plaintiff has plainly failed to meet his burden as to the first prong of qualified immunity, because he has not shown that Defendant's actions clearly violated his Fourth Amendment rights.

### 3.    *No Clearly Established Right*

Since Defendant avails himself of qualified immunity at the summary judgment stage, Plaintiff also bears the burden of showing that Defendant's use of force was clearly excessive as of August 2010. Except for citing generally to the *Graham* factors, Plaintiff fails to identify any authority or general legal principle suggesting that

14

Defendant's conduct was clearly excessive. In light of Defendant's legitimate interest in protecting Lieutenant Hughes and himself, and preventing Plaintiff's escape while making the arrest, the Court cannot find that Defendant's conduct was clearly excessive.

## III.   Conclusion

The facts of this case do not clearly indicate that Defendant's conduct was unlawful, and Plaintiff has failed to show that Defendant's conduct violated his clearly established right. For those reasons, the Court finds that Defendant is entitled to qualified immunity pursuant to Fed. R. Civ. P. 56(a).

**IT IS THEREFORE ORDERED** *Defendant Lieutenant James Jones' Motion to Dismiss or in the Alternative, for Pre-Discovery Summary Judgment* and *Memorandum of Law in Support of Lieutenant James Jones' Motion to Dismiss or in the Alternative, for Pre-Discovery Summary Judgment* (Doc. 35; Doc. 36), be **GRANTED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE